**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



In re

CUSTOMS AND TAX ADMINISTRATION OF
THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

This document relates to: 18-cv-04899; 18-cv-04894;
18-cv-10088

MASTER DOCKET

18-md-2865 (LAK)

## STIPULATION AND [PROPOSED] ORDER
## LIMITING WAIVER PURSUANT TO RULE 502(d) OF THE
## FEDERAL RULES OF EVIDENCE

WHEREAS, the Customs and Tax Administration of the Kingdom of Denmark

(Skatteforvaltningen) ("SKAT") has filed certain claims against the defendants identified in

Schedule A;

WHEREAS, Gregory Summers, John Doscas and Sander Gerber (collectively, the

"Individual Defendants") were parties to a joint representation agreement ("Joint Representation

Agreement");

WHEREAS, the Individual Defendants received legal advice about certain matters

protected by the attorney-client privilege and/or the attorney work-product doctrine, pursuant to

the Joint Representation Agreement;

WHEREAS, Gregory Summers intends to assert the defense of reliance on the advice of

counsel (the "Defense"), among other defenses;

WHEREAS, John Doscas and Sander Gerber (the "Non-Waiving Defendants") have

asserted that documents and communications with counsel that support the Defense ("Privileged

Documents" and "Privileged Advice," respectively) are protected by the attorney-client privilege

1

and/or the attorney work product privilege (the "Privileges"), which Privileges are jointly held by the Individual Defendants;

WHEREAS, the Non-Waiving Defendants do not consent to a waiver of the Privileges;

WHEREAS, in support of the Defense, Gregory Summers is required to produce relevant Privileged Documents in his possession to SKAT and to testify as to the substance of the Privileged Advice (the "Disclosure");

WHEREAS, Gregory Summers wishes to make the Disclosure without prejudice to the rights of the Non-Waiving Defendants;

WHEREAS, the Non-Waiving Defendants do not oppose the relief sought herein;

IT is therefore STIPULATED AND AGREED that, pursuant to Rule 502(d) of the Federal Rules of Evidence, the Disclosure shall not constitute or be deemed a waiver or subject matter waiver by the Non-Waiving Defendants of the Privileges, or of any other privilege, right, or protection against production or disclosure of the Privileged Documents and Advice or their contents, in this action or in any other proceeding.

IT is further STIPULATED AND AGREED that all documents produced as part of the Disclosure permitted by this Stipulation and Order, as well as any testimony referencing Privileged Advice offered as part of the Disclosure, shall be clearly identified via stamp affixed to every page of such document or testimony transcript that indicates the document or testimony transcript is covered by this Order and shall not be distributed in any way inconsistent with this Order.

IT is further STIPULATED AND AGREED that SKAT shall not disclose any document or testimony transcript designated in accordance with the preceding paragraph to anyone, including any third party, governmental agency, or other department of the Danish government for any

2

reason without further order of this Court, other than to comply with a court order in a domestic or foreign proceeding in which SKAT is a party and that is subject to an order with terms substantially equivalent to the Revised Amended Stipulated Protective Order Governing Confidentiality of Discovery Materials ordered by the Court on November 6, 2020 ("Protective Order"). Nothing in this Stipulation and Order shall be construed to limit the use of any Privileged Document or Privileged Advice for purposes of this litigation, or for purposes of any litigation SKAT may commence in state or federal court, against any other alleged participants in the Tax Refund Scheme, consistent with the terms of the Protective Order entered in this case, or its substantial equivalent.

Dated: New York, New York
     April 26, 2023

By: /s/ John M. Hanamirian

    John M. Hanamirian
HANAMIRIAN LAW FIRM P.C.
40 E. Main Street
Moorestown, New Jersey 08057
Telephone: (215) 793-9092
jmh@hanamirian.com

*Counsel for Defendants Gregory Summers, Acorn Capital Corporation Employee Profit Sharing Plan, Acorn Capital Strategies LLC Employee Pension Profit Sharing Plan & Trust*

By: /s/ Marc A. Weinstein

    Marc A. Weinstein
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Fax: (212) 422-4726
marc.weinstein@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*

By: /s/ Eric Smith

     Eric Smith
KOSTELANETZ & FINK LLP
7 World Trade Center
New York, NY 10007
Telephone: (202) 740-6999
smccarthy@kflaw.com

*Counsel for Defendants John Doscas and Sterling Alpha LLC 401(k) Profit Sharing Plan*

By: /s/ Stephen D. Andrews

     Stephen D. Andrews
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
sandrews@wc.com

*Counsel for Defendants Sander Gerber and Sander Gerber Pension Plan*

SO ORDERED:

Hon. Lewis A Kaplan
United States District Judge

5/1/23

## SCHEDULE A

| Case Number | Plan Defendant(s) | Individual Defendant(s) |
|---|---|---|
| 18-cv-04899 | Sander Gerber Pension Plan | Sander Gerber, John Doscas |
| 18-cv-04894 | Sterling Alpha LLC 401(k) Profit Sharing Plan | John Doscas |
| 18-cv-10088 | Acorn Capital Corporation Employee Profit Sharing Plan; Acorn Capital Strategies LLC Employee Pension Profit Sharing Plan & Trust | Gregory Summers |